```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION


JOSEPH EARL CONNER                                   PLAINTIFF


VS.                          CIVIL ACTION NO. 3:02CV1790LS


CANADIAN NATIONAL RAILWAY AND
ILLINOIS CENTRAL RAILROAD COMPANY
D/B/A CANADIAN NATIONAL/ILLINOIS
CENTRAL RAILROAD                                     DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the following motions: (1) Canadian National Railway's motion for taxation of costs and expenses pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920 and Local Rule 54.2(A); (2) attorney John M. Mooney, Jr.'s motion for attorney's fees and expenses; and (3) plaintiff Joseph Earl Conner's motion for attorneys' fees. These motions have been fully briefed and the court, having considered the motions concludes as follows.

Canadian National has moved for an award of costs and expenses in the amount of $ 11,504.99, which is one-half the total costs and expenses incurred in the defense of this action by Canadian National and its co-defendant, Illinois Central. Its motion will be denied.

Rule 54(d) provides for an award of costs "to the prevailing party unless the court otherwise directs." Fed. R. Civ. Proc.

54(d).  Plaintiff in this case sued both Canadian National and its subsidiary, Illinois Central, contending that both were his employer.  Canadian National sought summary judgment based on its contention that it was not plaintiff's employer but this court was unable to conclude that this defendant was entitled to summary judgment.  The case was presented at trial generically as a case against the railroad, with no distinction between the two defendants, and a verdict was returned in plaintiff's favor for $200,000.  Following entry of the verdict, and prior to entry of judgment, discussions were had with the parties concerning Canadian National's status, and, upon the representation of Illinois Central's representative that Illinois Central was able to pay the judgment, plaintiff agreed that it made no substantive difference to him whether the judgment was entered against one or both defendants and accordingly, an order was entered dismissing Canadian National.

   Given this background, it may be technically accurate to characterize Canadian National as having prevailed, because it was dismissed as a defendant while a judgment was entered against Illinois Central.  However, the dismissal was one of practicalities, and it is not clear that plaintiff's inclusion of Canadian National as a defendant was unjustified, or that it was

not a proper defendant.  In its discretion, therefore, the court will deny Canadian National's request for costs.[1]

John Mooney represented plaintiff in this cause from before the date he filed suit on December 16, 2002 to September 2005, when Mr. Mooney requested and was allowed to withdraw as counsel for plaintiff.  In light of the plaintiff's favorable verdict at the trial some five months after his representation of plaintiff ended, Mr. Mooney has moved for an award of $77,397.67 in attorney's fees and costs for his representation of plaintiff.  In the court's opinion, this motion should be denied as Mr. Mooney lacks standing to assert a request for attorney's fees.  The right to recover attorney's fees lies with the party plaintiff, not his attorney, see Keesee v. Orr, 816 F.2d 545, 547 (10th Cir. 1987); and this plaintiff has evidently chosen not to seek an award of attorney's fees to compensate Mr. Mooney.  Although Mr. Mooney has insinuated that he filed his motion for attorney's fees at plaintiff's request and on his behalf, plaintiff has denied this and states that he "is in no way concerned with prior counsel's

---

[1] Even if were inclined to award costs to Canadian National, the court would have difficulty determining an amount of costs that could appropriately be taxed for while Canadian National has provided amounts in categories of costs which it seeks to recover, it has not itemized those costs in such a way as to facilitate review of the claimed costs, and it does appear that some costs are claimed which are not recoverable, as for example, fees for a defense expert witness.

3

recovery of fees and expenses." Accordingly, the court will deny Mr. Mooney's request for an award of fees.

Plaintiff has moved for an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k) for the work performed on the case by his current counsel who replaced Mr. Mooney and who took the case to trial for plaintiff and obtained a $200,000 jury verdict for plaintiff. For the work performed by Louis H. Watson, Jr. and associates in his firm who worked on the case, plaintiff seeks an award of fees totaling $ 60,216.45 and costs of $ 4,073.95, for a total award of $64,073.95. Illinois Central has responded in opposition to plaintiff's motion, arguing first, that since plaintiff "only marginally prevailed," receiving a verdict for only $200,000, nowhere near the $3,600,000 he had requested, the court should deny any award of plaintiff's costs and attorneys' fees, and arguing alternatively that the amount of fees requested by plaintiff is unreasonable and should be greatly diminished in the event the court decides that plaintiff should receive fees and costs.

Illinois Central argues that while a prevailing plaintiff in a civil rights action ordinarily should be awarded a reasonable attorneys' fee, the courts have recognized that "special circumstances" may render such an award unjust. See Blanchard v. Bergeron, 489 U.S. 87, 89 (1989). It submits that special circumstances warranting the denial of any fees to plaintiff exist

here because plaintiff only "marginally prevailed" on his claims in this action. The court is not persuaded. It is true that the case began with numerous claims being asserted against three defendants, and that in the end, only one claim was presented for the jury's consideration, and a judgment was entered against one defendant, Illinois Central. It is also true that the jury awarded "only" $200,000 in compensatory damages whereas counsel for plaintiff had suggested in his closing argument a verdict of $3,600,000 in compensatory and punitive damages. Nevertheless, plaintiff undeniably prevailed, and not just marginally, on his central claim of hostile work environment, obtaining a substantial verdict on that claim. This was more than "marginal" success in his litigation and justifies his request for fees.[2]

When a determination has been made that a party is entitled to an award of attorneys' fees, it becomes the court's function to set a reasonable fee, which it does by reference to the factors

---

[2] Of course, one consideration in setting the amount of fees (as contrasted with whether to award fees at all), is the results obtained. In light of that, then clearly, if plaintiff sought fees for work performed on unsuccessful claims, the court would naturally be inclined to deny such compensation and indeed, concludes infra that the hours that can be identified as having been spent by plaintiff's counsel on the COBRA claim that was dismissed, will be disallowed. However, the claims that were disposed of via summary judgment were claims pled and pursued by plaintiff's former counsel, Mr. Mooney, for whom no compensation is sought by plaintiff.

identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 716-19 (5th Cir. 1974):  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

To determine an appropriate fee, the court is first to ascertain the number of hours reasonably expended on the litigation, following which the court determines a reasonable hourly rate for plaintiff's attorneys.  By multiplying these two figures, the court arrives at a "lodestar," an amount which "normally provides 'reasonable' attorney's fees within the meaning of" § 1988.  Blum v. Stenson, 465 U.S. 886, 897, 104 S. Ct. 1541, 1548, 79 L. Ed. 2d 891 (1984).

In this case, compensation is sought for 362 hours of time expended on the case by four attorneys in the Watson firm, at hourly rates ranging from $125 to $200, as follows:

    Louis H. Watson, Jr.: 168.35 hrs.   $200/hr.   = $33,670.00

```
     Kristy L. Bennett:      91.4 hrs.    $150/hr.   = $13,710.00
     Nick Norris:            92.1 hrs.    $125/hr.   = $11,512.50
     Shana Fondren:          10   hrs.    $125/hr.   = $ 1,250.00
```

Illinois Central does not object to any attorney's claimed hourly rate, but has challenged various aspects of plaintiff's counsels' time submissions on several grounds, urging that some of the hours claimed by plaintiff's attorneys are unreasonable, duplicative or otherwise not compensable.

Among other things, defendant objects to 30.1 hours spent by Mr. Watson getting up to speed on the case following withdrawal of Mr. Mooney from the case, and to 6.5 hours billed by Mr. Norris for time spent becoming familiar with the case, arguing that Illinois Central ought not have to pay for the substitution of plaintiff's counsel. If plaintiff's motion for attorneys' fees included a request for fees to compensate Mr. Mooney, this objection might have merit; but since there is to be no award for Mr. Mooney's work, it is hardly a basis for objection that Mr. Watson and his associates expended time becoming familiar with the case upon assuming representation of plaintiff following Mr. Mooney's withdrawal.

Defendant also objects to practically <u>all</u> of the time spent on the case by Mr. Norris, arguing that he was essentially superfluous as an attorney in the case as the "work" he did was simply to be present with other attorneys as they performed their

work on the case; that the tasks he performed were duplicative of other attorneys' work and/or were unnecessary; and that much of his time was spent not on legal work but on non-legal work ("technical support" services for preparing exhibits for display at trial) that would not be properly chargeable to a fee-paying client and hence cannot properly be assessed against Illinois Central.

Having considered defendant's objections, the court will disallow 12.2 hours spent by Mr. Norris in witness meetings with Mr. Watson, as plaintiff, in response to defendant's objection, has failed to offer other than the most general explanation why his presence in such meetings was reasonably necessary[3] and why his time was not merely duplicative of Mr. Watson's time in those meetings. The court will also cut by one-half the 53.6 hours spent by Mr. Norris in trial preparation and attendance at trial, for plaintiff had two experienced counsel representing him at trial, and it is hardly clear that Mr. Norris's participation at trial (or in preparation for trial) was needed, other than in the role of an assistant.

As for Illinois Central's objection to 15.5 hours billed by Mr. Norris for work uploading, labeling and organizing plaintiff's

---

[3] Plaintiff states only that "[i]f Mr. Norris accompanied Mr. Watson on certain tasks, appearances or interviews, it was because Mr. Norris had information or knowledge that was vitally necessary for the best interests of his client."

exhibits in the "Trial Director" program (evidently a computer program to use with trial exhibits), the court is persuaded that while it may not be "legal" work in the traditional sense, it is not uncompensable; it is the kind of work that could be done effectively by a paralegal, and therefore, compensation for such work will therefore be at a reduced hourly rate of $75.

Illinois Central's final objection to the hours claimed by plaintiff's counsel relates to time spent on plaintiff's unsuccessful COBRA claim. This objection is well taken, and therefore, .8 hours or Mr. Watson's time, 2.5 hours of Ms. Bennett's time, 2.2 hours of Mr. Norris's time and 2 hours of Shana Fondren's time will be disallowed.

Plaintiff requests an award of 4,073.95 in expenses.[4] Illinois Central objects to all these costs, which includes a charge for $648.61 representing a jury consultant's fees; $261.80 for expenses incurred for working lunches; $163.54 for overtime secretarial pay; and $3,000 in fees charged by plaintiff's expert, $2,500 of which was for his trial testimony and $500 of which was for "records review." Although in his reply brief, plaintiff does not address Illinois Central's objection to the charge for Dr. Gupta, the charge for plaintiff's expert may be shifted to

---

[4] This is in addition to $2,232.61 included in plaintiff's bill of costs, to which there has been no objection.

Illinois Central in accordance with § 1988.[5] Plaintiff has offered no authority for imposing the charge for his jury consultant against Illinois Central, and that charge will not be allowed. Plaintiff does maintain that the costs for overtime secretarial pay and working lunches are recoverable, given that these costs were incurred as a result of counsels' late entry into the case and the need to prepare for trial quickly, which caused everyone to have to work overtime and through lunch. In the court's opinion, however, this is not adequate justification for these costs. While counsel was certainly put in the position of having to learn the case more quickly than counsel involved in the case from the start, that does not explain the last-minute crunch which is evidently the basis for these cost requests.

The court, having thus considered the motion and objections, concludes that plaintiff is entitled to an award of fees totaling $53,207.50.

Based on the foregoing, it is ordered that Canadian National's motion for costs is denied; John Mooney's motion for attorney's fees and expenses is denied; and plaintiff's motion for an award of attorney's fees and costs is granted to the extent

---

[5]   Whereas the Supreme Court had held in West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83, 86 (1991), that "§ 1988 conveys no authority to shift expert fees," Congress amended § 1988 in response to Casey to explicitly provide courts the discretion to "include expert fees as part of the attorney's fee." 42 U.S.C. § 1988(c).

that plaintiff is entitled to recover $53,207.50 in attorney's fees, and $3,000 in costs.

SO ORDERED this 30th day of June, 2006.

                                              /s/ Tom S. Lee
                                              UNITED STATES DISTRICT JUDGE